Copies Mailed: 2/26/03

USDC/OHND 245B (Rev. 9/00) Sheet 1 - Judgment in a Criminal Case

Mag. J. / Prob. / Micro. / PTS / 1 Fin / 1 Deb

By: dm

# United States District Court

## Northern District of Ohio

Eastern Division

03 FEB 25 AM 9:14

UNITED STATES OF AMERICA
v.
**Jesus C. Morel**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**Case Number: 4:02CR273-03**

Counsel For Defendant: Neal G. Atway
Counsel For The United States: Ed Feran
Court Reporter: Sue Trischan

**THE DEFENDANT:**

pleaded guilty to count I.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section Number(s) | Nature of Offense | Date Offense Concluded | Count |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B) | Conspiracy to distribute and posses with intent to distribute cocaine, A Class B Felony | | 1 |

The defendant is sentenced as provided in pages 1 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) two (2) and nine (9) are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 11/3/63
Defendant's USM Number: 54025-060

Defendant's Residence Address:
Custody

Defendant's Mailing Address:
Custody

2/24/03
Date of Imposition of Judgment

Signature of Judicial Officer

**David D. Dowd, Jr.**
United States District Judge

Date: 2/25/03

I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio

By: Linda P. [signature]
Deputy Clerk



158

DEFENDANT: Morel, Jesus C.
CASE NUMBER: 4:02CR273-03

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 46 months with credit for time served since 6/3/02.

The Court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be placed in a drug treatment program.

The Court recommends commitment at Federal Correctional Institution at Fort Dix or in the alternative an FCI in the Mid East area.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

______________________________________________

______________________________________________

______________________________________________

Defendant delivered on ________________ to ______________________________

at ____________________, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By______________________________
Deputy U.S. Marshal

DEFENDANT: Morel, Jesus C.
CASE NUMBER: 4:02CR273-03

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of four (4) years

The defendant shall report to the probation office in the district in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Pursuant to 18 U.S.C. 3583(d). the court shall order, as an explicit condition of supervised release, that the defendant cooperate in the collection of a DNA sample from the defendant, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

Unless otherwise stated in this Judgment, the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at anytime at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Morel, Jesus C.
CASE NUMBER: 4:02CR273-03

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall participate in an outpatient program approved by the U.S. Probation Office for the treatment for drug and/or alcohol abuse which will include testing to determine if the defendant has reverted to substance abuse.

DEFENDANT: **Morel, Jesus C.**
CASE NUMBER: **4:02CR273-03**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Payment of the total fine and other criminal monetary penalties shall be due as follows:

**A special assessment of $100.00 is due in full immediately on count one (1);**

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.
**PAYMENT IS TO BE MADE PAYABLE AND SENT TO THE CLERK, U.S. DISTRICT COURT.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.